Glenn R. Kantor - State Bar No. 122643
  E-mail: gkantor@kantorlaw.net
Timothy J. Rozelle – State Bar No. 298332
  E-mail: trozelle@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
PATRICIA BURKE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BURKE,<br><br>Plaintiff,<br><br>vs.<br><br>EQUITABLE LIFE & CASUALTY INSURANCE COMPANY & SILAC INSURANCE COMPANY,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(3) FINANCIAL ELDER ABUSE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Patricia Burke herein sets forth the allegations of her Complaint against Defendants Equitable Life & Casualty Insurance Company and SILAC Insurance Company, jointly referred to herein as "Defendant" in or "SILAC".

**PRELIMINARY ALLEGATIONS**

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. Plaintiff is informed and believes that Defendant Equitable Life & Casualty Insurance Company is a corporation incorporated in Utah with its principal place of business in Utah. At some point subsequent to the issuance of the Long-Term Care Policy which is the subject of this action, Defendant Equitable Life & Casualty Insurance Company changed its name to SILAC Insurance Company. Both Defendants are authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4. Plaintiff Patricia Burke at the time of the denial of the Long-Term Care benefits which is the subject of this action, was a resident and citizen of the County of Los Angeles, State of California. Plaintiff is currently a resident of the County of Los Angeles, State of California.

## FIRST CLAIM FOR RELIEF AGAINST
## DEFENDANT FOR BREACH OF CONTRACT

5. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6. In October 1997, Defendant Equitable issued to the Plaintiff a Long-Term Care Policy Number: 3747821 ("the Policy").

7. From 1997 through the present, the Plaintiff has paid all premiums due under the Policy.

8. In November 2014, Patricia Burke became eligible to receive benefits under the terms of her Policy and initiated and submitted all necessary documentation to Equitable and SILAC such that her claims should have been approved and paid. However, beginning in October 2022, SILAC improperly reduced Burke's monthly Long-Term case benefit from $13,500 per month to $8,600 per month.

9. Moreover, SILAC has taken such action to reduce Burke's monthly Long-Term case benefits on specious grounds, predicating its pending, reductions and denials of monthly benefits on its own failure to comply with its obligations to obtain necessary information, and upon a strict reading of Policy provisions intended to prevent claimants from receiving benefits, while ignoring the fact that under the same strict reading of the same Policy provisions, the Plaintiff has satisfied all Policy provisions for coverage and the entitlement to benefits.

10. All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid by Plaintiff. At all relevant times, Plaintiff has performed all obligations under the Policy on her part to be performed. As a direct and proximate result of Defendant's improper conduct, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy. The denial of benefits constitutes a breach of the insurance contract between SILAC and the Plaintiff.

## SECOND CLAIM FOR RELIEF

## AGAINST DEFENDANT FOR BREACH OF THE IMPLIED

## COVENANT OF GOOD FAITH AND FAIR DEALING

11. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

12. Defendant breached its respective duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably reducing and withholding coverage from Plaintiff in bad faith at a time when Defendant knew Plaintiff was entitled to said coverage under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the failure to pay valid claims under the terms of Plaintiff's coverage.

(c) Intentionally and unreasonably applying pertinent Policy provisions to limit Defendant's financial exposure and contractual obligations and to maximize profits;

(e) Unreasonably compelling Plaintiff to institute litigation to recover her coverage due under the Policy to further discourage Plaintiff from pursuing her full Policy benefits.

13. Plaintiff is informed and believes and thereon alleges that Defendant has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

3
COMPLAINT

14. As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

15. As a further proximate result of the wrongful conduct of Defendant, Plaintiff has suffered mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

16. As a further proximate result of the wrongful conduct of Defendant, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendant is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

17. Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiff, was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant.

18. Defendant's conduct in wrongfully denying long term care benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, and assets essential to her health and welfare. Defendant's conduct in wrongfully denying long term care benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to her health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and because of Defendant's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

### THIRD CLAIM FOR RELIEF
### AGAINST DEFENDANT FOR ELDER ABUSE

19. Plaintiff refers to and incorporates herein all preceding paragraphs as though set forth in full in this cause of action.

20. California Welfare and Institutions Code section 15600, The Elder Abuse and Dependent Adult Civil Protection Act, outlines the need for legislation to protect the elderly in their physical and financial needs as well as the damages for the violation of those obligations.

21. Defendant's conduct constituted Financial Abuse as defined by the Act. "Financial Abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (a) takes, secretes, appropriates, obtains or retains real or personal property of an elder or dependent adult for a wrongful use with intent to defraud, or both; (b) assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

22. Given the nature of the insurance Policy and the insurance coverage at issue herein, Defendant knew, or should have known that the failure to pay benefits owed to Plaintiff was a harmful breach of duty, and Defendant should have been aware of the harm caused to Plaintiff by all of its actions and most importantly by its failure and refusal to pay her long term care benefits when due under the terms of her coverage.

23. As a direct and proximate result of Defendant's conduct and breach of its obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $200,000.00, plus interest, including pre-judgment interest.

2. General damages for mental and emotional distress and other incidental damages in the sum of $2,500,000.00.

3. Punitive and exemplary damages in an amount in excess of $10,000,000.00.

4. A trebling of any punitive damages award pursuant to California Civil Code §3345.

5

COMPLAINT

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial.

6. Costs of suit incurred herein; and,

7. Such other and further relief as the Court deems just and proper.

DATED: January 24, 2023              KANTOR & KANTOR, LLP

                                     By:  */s/ Glenn R. Kantor*
                                          Glenn R. Kantor
                                          Attorneys for Plaintiff
                                          PATRICIA BURKE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: January 24, 2023              KANTOR & KANTOR, LLP

                                     By:  */s/ Glenn R. Kantor*
                                          Glenn R. Kantor
                                          Attorneys for Plaintiff
                                          PATRICIA BURKE